IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00941-MEH

DARNELL EMERSON WASHINGTON, JR.,

    Plaintiff,

v.

JODI SINKER,
ADAM GINGRICH, and
DIANE STAPLETON,

    Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court are three Motions for Summary Judgment filed by the Defendants. ECF Nos. 141, 143, 145. Plaintiff's Third Amended Complaint ("TAC") brings one claim under 42 U.S.C. § 1983 for a violation of his Eighth Amendment rights against each Defendant. Although Plaintiff asserts these claims in a single lawsuit, the factual circumstances supporting each claim are entirely distinct. Still, the three motions raise a common argument in support of summary judgment. Each Defendant argues Plaintiff has not exhausted his administrative remedies for the claims, as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The Court finds that Plaintiff has failed to meet his burden to show a genuine dispute of material fact exists as to whether he exhausted his administrative remedies. Therefore, the motions are **granted**.

## **LEGAL STANDARDS**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

If the movant properly supports a motion for summary judgment, the non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."); *see also Hysten v. Burlington*

*N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## **ANALYSIS**

Plaintiff Darnell Emerson Washington is an inmate incarcerated in the Colorado Department of Corrections ("CDOC") system. His TAC asserts an Eighth Amendment claim against each Defendant based on factual events that are entirely unrelated. Each Defendant now argues that summary judgment is appropriate, because Plaintiff failed to exhaust his administrative remedies as to each claim.

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "is mandatory, and the district court [i]s not authorized to dispense with it." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). "[T]o properly exhaust administrative remedies prisoners

3

must complete the administrative review process in accordance with the applicable procedural rules,—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citation omitted). "An inmate who begins the grievance process but does not complete it is barred from pursuing a [federal] claim under the PLRA for failure to exhaust his administrative remedies." *Fields*, 511 F.3d at 1112 (alteration in original) (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)). Failure to exhaust is an affirmative defense, and "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

The CDOC uses a three-step procedure for administrative appeals. *See* ECF No. 141-6.[1] Before initiating any step of the grievance process, an inmate is required to informally discuss a problem or complaint with the appropriate CDOC employee. *Id.* ¶ IV.B.1. The prisoner may then file the appropriate grievance form. *Id.* ¶ IV.C.5. A prisoner must file a step one grievance within thirty days of the date he knew or should have known of the facts giving rise to the claim. *Id.* ¶ IV.F.1.a. The CDOC must respond to the grievance within twenty-five calendar days. *Id.* ¶ IV.F.1.b. After receiving the response, the prisoner has five days to file a step two grievance. *Id.* ¶ IV.F.1.d. Again, the CDOC must respond within twenty-five days. *Id.* ¶ IV.F.1.b. The prisoner must file the step three grievance within five days of the response, and the CDOC then has forty-five days to respond. *Id.* ¶ IV.F.1.c-d. A step one grievance is investigated by a CDOC employee, contract worker, or volunteer appointed by the administrative head or designee. *Id.* ¶ IV.E.3.a. A step two grievance is investigated by the administrative head or designee. *Id.* ¶ IV.E.3.b. A step three grievance is investigated by the grievance officer. *Id.* ¶ IV.E.3.c. When

---

[1] All three Defendants attach as an exhibit the CDOC's prisoner grievance procedure. *See* ECF Nos. 141-6, 143-6, 145-3. For convenience, the Court will cite only to Defendant Gingrich's exhibit.

a grievance is substantively denied at step three, the prisoner has exhausted his administrative remedies. *Id.* ¶ IV.E.3.a.1.

Each Defendant argues that summary judgment is appropriate, because Plaintiff failed to exhaust his administrative remedies. For support, Defendants provide the declaration of Anthony DeCesaro, a Grievance Officer at the CDOC Office of Legal Services. ECF No. 141-5. Mr. DeCesaro attests that Plaintiff did not exhaust his administrative remedies regarding the events alleged in his Complaint. *Id.* ¶¶ 7-9.

This evidence shifts the burden to Plaintiff to show the existence of a disputed fact, but his responses to the motions do not address the exhaustion argument. *See* ECF Nos. 156, 158-59. Defendants each emphasize this point in their replies and reiterate that Plaintiff's failure warrants summary judgment. *See* ECF Nos. 163-65. Soon after the motions were fully briefed, Plaintiff filed five documents that further addressed the merits of Defendants' motions. *See* ECF Nos. 170-74. The Court construed each of these documents as a "surreply" to the motions and struck them, because the Local Rules of Practice for this Court do not permit a party to file a surreply without first seeking leave of the Court. ECF No. 175. Plaintiff promptly filed a document the Court construed as a motion for leave to file a surreply to Defendants' replies. ECF No. 176. The Court granted the motion but forewarned Plaintiff that, consistent with the caselaw in this District, the Court would consider the new filings only to the extent that they addressed arguments Defendants raised for the first time in their reply briefs.

Plaintiff filed a surreply on June 12, 2019. ECF No. 182. In this document, Plaintiff, for the first time, responds to Defendants' arguments that he did not exhaust his administrative remedies. He appears to concede that he has not exhausted his remedies for these claims. *See, e.g.*, ECF No. 182 at 4 ("The only reason I have not [completed] the PLRA is because I stop

5

gettin[g] my grievances responded to."); *id.* ("This is why PLRA was not met."). Plaintiff then argues that the Court should allow the claims to proceed despite the failure. *See id.* at 4, 9.

The Court cannot consider these arguments, because, just as the Court advised Plaintiff when he sought leave to file the surreply, *see* ECF No. 177, a court may consider arguments in a surreply only to the extent they address issues the opposing party raised for the first time in its reply brief. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (affirming a trial court's denial of a motion for leave to file a surreply, because the movant did not raise new arguments in the reply brief). Here, the Defendants raised the failure-to-exhaust argument in their motions, not in their reply briefs. *See* ECF No. 141 at 13-15; ECF No. 143 at 15-17; ECF No. 145 at 17-19. Because Plaintiff has not responded to the argument absent the surreply, he has not met his burden of showing the existence of a genuine dispute of material fact as to whether he exhausted his administrative remedies. *See Abdulmutallab v. Sessions*, No. 17-cv-02493-RM-KMT, 2019 WL 1058184, at *3 (D. Colo. Mar. 6, 2019) (granting summary judgment when a prisoner plaintiff did not dispute evidence that he had not exhausted his administrative remedies). Accordingly, summary judgment is appropriate on Plaintiff's claims. *Woods v. Fender*, No. 07-cv-00703-PAB-KMT, 2010 WL 749794, at *1 (D. Colo. Mar. 2, 2010) (granting summary judgment when a pro se plaintiff did not respond to the defendant's sworn affidavit that plaintiff did not file an administrative grievance).

While the Court need not consider Plaintiff's arguments to support a conclusion that he has not complied with the PLRA, even if it did, it would arrive at the same conclusion. His arguments cite to out-of-district decisions that are not persuasive to this Court. For example, Plaintiff cites to *Robertson v. Dart*, No. 07 C 4398, 2009 WL 2382527, at *3 (N.D. Ill. Aug. 3, 2009), which concluded a grievance procedure was "unavailable," because prison employees misled the prisoner

6

on how to comply with the grievance process. Plaintiff does not assert that such conduct occurred in his case. Plaintiff's citation to *Macahilas v. Taylor*, No. CIV S-06-0502 GEB KJM P, 2008 WL 220364, at *4 (E.D. Cal. Jan. 25, 2008), is equally unpersuasive. In that case, the court concluded that the prison facility did not comply with its own grievance procedure before it denied a prisoner's claim on procedural grounds. *Id.* Plaintiff also cites to cases that were decided at the motion to dismiss stage that are not relevant here. *See, e.g.*, *Cole v. Sobina*, No. 04-99J, 2007 WL 4460617, at *7 (W.D. Pa. Dec. 19, 2007); *Whitington v. Sokol*, 491 F. Supp. 2d 1012, 1019 (D. Colo. 2007).

In any event, Plaintiff's arguments for being granted an exception to the PLRA cannot succeed, because he supports his assertion with nothing more than statements in his briefs. These assertions are not sufficient to create a dispute of material fact to survive summary judgment. *Woods*, 2010 WL 749794, at *1 (finding a pro se prisoner's "cursory claim" that he complied with the PLRA insufficient, because it was not supported by "affidavit or other evidence to support th[e] statement"). In sum, Plaintiff has failed to meet his burden imposed by the Federal Rules to show a genuine dispute of material fact exists in this case.

## **CONCLUSION**

Plaintiff has failed to show a genuine dispute of material fact exists that he has not exhausted his administrative remedies for any of the claims he asserts in this lawsuit. Therefore, Defendants' Motions for Summary Judgment [filed February 7, 2019; ECF Nos. 141,143, 145] are **granted**. The Clerk of the Court is ordered to close this case.

7

Entered and dated at Denver, Colorado, this 25th day of June, 2019.

        BY THE COURT:

        *Michael E. Hegarty*

        Michael E. Hegarty
        United States Magistrate Judge